UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINCY ROBERTS,

                Petitioner,                      Case No. 1:16-cv-1462

v.                                                  Honorable Robert J. Jonker

STATE OF MICHIGAN,

                Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the Court lacks subject matter jurisdiction.

**Factual Allegations**

Petitioner is presently incarcerated at the Oxford Federal Correctional Institution in Oxford, Wisconsin. Petitioner is serving a sentence of 210 months imprisonment imposed by this Court following his guilty plea to a charge of distribution of 28 grams or more of cocaine base. *United States v. Roberts*, No. 1:10-cr-300 (J., ECF No. 68.) Petitioner is not challenging the constitutionality of that conviction or sentence in this proceeding; rather, he is challenging the constitutionality of his 2002 Mason County Circuit Court conviction for possession with intent to deliver less than 50 grams of a controlled substance in violation of MICH. COMP. LAWS § 333.7401(2)(a)(iv). (J., ECF No. 1-3, PageID.127.) Petitioner pleaded guilty to that offense on September 3, 2002. (*Id*.) On October 8, 2002, the court sentenced Petitioner to the custody of the Michigan Department of Corrections for a term of imprisonment of 1year and 1 day to 20 years. (*Id*.) Petitioner's 2002 state court conviction was used to enhance his sentence in the federal case. *United States v. Roberts*, No. 1:10-cr-300 (Mins. of Sentencing, ECF No. 67.)

Petitioner never sought leave to appeal his 2002 conviction. He commenced his challenge to that conviction in the state courts in 2012, only after the impact of the conviction on his federal sentence became apparent. (Mot. for Relief from J., ECF No. 1-2, PageID.26-40.) The Mason County Circuit Court denied Petitioner's requests for relief initially and upon reconsideration. (Orders, ECF No. 1-2, PageID.43-45, 50-53.) The state appellate courts refused to provide relief. *See People v. Roberts*, No. 325545 (Mich. Ct. App. Apr. 8, 2015) (Order, ECF No. 1-3, PageID.129); *People v. Roberts*, No. 151660 (Mich. Jun. 22, 2016) (Order, ECF No. 1-3, PageID.130.) Petitioner filed his habeas petition on December 22, 2016.

Critically, at the time Petitioner filed his petition, he was no longer in custody pursuant to the state court judgment he challenges. According to the Final Presentence Report in Petitioner's federal criminal case, he was paroled on the state sentence July 5, 2003, and discharged from parole July 5, 2005. Case No. 1:10-cr-300, ECF No. 59 at ¶ 51, PageId.205-06. This is consistent with the absence of any information about the old conviction on the Michigan OTIS system.[1] Petitioner makes no argument to the contrary.

## Discussion

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989) (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968).

Petitioner implicitly acknowledges that he is not "in custody." He claims, instead, that he suffers collateral consequences, in the form of his federal sentence enhancement, that permit this Court to exercise jurisdiction. Petitioner is incorrect. Collateral consequences, such as a subsequent sentence enhancement, may be sufficient to prevent a case from becoming moot upon

---

[1] The Michigan Department of Corrections Offender Tracking Information System (OTIS) includes information on offenders until they are three years beyond their discharge date. http://mdocweb.state.mi.us/OTIS2/aboutotis2.aspx ("The Michigan Legislature requires the MDOC to keep offender information on OTIS for a period of three years after the offender has discharged from MDOC supervision.") There is no information regarding Petitioner, indicating not only was he discharged, but he was discharged some time ago. This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. *See, i.e. Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n. 3 (E.D.Mich. 2004).

discharge;[2] but, they are not sufficient to create jurisdiction if the discharge precedes the filing of the petition. *Maleng*, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.")

Creative petitioners have attempted to overcome the jurisdictional limit by claiming that their constitutional challenges relate to the more recent enhanced sentence. For example, in Petitioner's case, he might claim that the Court has jurisdiction because he is "in custody" on the federal conviction, effectively seeking to convert his § 2254 petition into a § 2255 petition. The Sixth Circuit rejected that approach in *Steverson v. Summers*, 258 F.3d 520 (6th Cir. 2001) relying upon *Daniels v. United States*, 532 U.S. 374 (2001) (Court rejected the argument in the context of a § 2255 petition), and *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001) (Court rejected the argument in the context of a § 2254 petition). The *Coss* Court summed up its holding as follows:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels, post*, at 382. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence though a petition under § 2254 [or § 2255, per *Daniels,*] on the ground that the prior conviction was unconstitutionally obtained.

---

[2]The Supreme Court so held in *Carafas*, 391 U.S. at 237-238; *see also Ceasor v. Ocwieja*, 655 F. App'x 263, 275-276 (6th Cir. 2016).

*Coss*, 532 U.S. at 403-404 (parallel citation omitted).[3] Petitioner's state conviction is no longer open to direct or collateral attack. His conviction is conclusively valid and appropriately relied upon in subsequent sentences. Moreover, the fact that Petitioner has been discharged means he is no longer in custody. This Court, therefore, does not have subject matter jurisdiction over the petition.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the Court lacks subject matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.*

---

[3] In *Daniels*, 532 U.S. at 374, and *Coss*, 532 U.S. at 394, the Court recognized an exception to the rule if the prior conviction were "obtained where there was a failure to appoint counsel in violation of the Sixth Amendment as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Coss*, 532 U.S. at 404 (parallel citations omitted). Such a failing has a "jurisdictional significance." *Custis v. United States*, 511 U.S. 485, 494 (1994). That was not the case here; counsel was appointed for Petitioner in the Mason County case. Indeed, Petitioner contends that his appointed counsel was constitutionally ineffective. (Pet., ECF No. 1, PageID.10.) Ineffective assistance does not carry the jurisdictional significance necessary to create an exception to the rule. Indeed, the underlying constitutional challenge in *Coss* was ineffective assistance of counsel. *Coss*, 532 U.S. at 397; *see also United States v. Morgan*, No. 3:08-cr-063, 2009 WL 5167860 at *3 (S.D. Ohio Dec. 18, 2009) ("A federal defendant has no right to collaterally attack at sentencing a prior conviction used to enhance the penalty for ineffective assistance of counsel, but only for complete lack of counsel.")

*Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     January 19, 2017            /s/ Robert J. Jonker
                                                                           ROBERT J. JONKER
                                                                           CHIEF UNITED STATES DISTRICT JUDGE